UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| L.H., a minor, by and through<br>Next Friend, ASHLYN HENRY<br><br>Plaintiff,<br><br>v.<br><br>WENTZVILLE R-IV SCHOOL DISTRICT, et al.,<br><br>Defendants. | Case No. 4:23-CV-00808-SRC<br><br>**JURY TRIAL DEMANDED** |

## DEFENDANT WENTZVILLE R-IV SCHOOL DISTRICT'S MOTION TO DISMISS OR IN THE ALTERANTIVE MOTION FOR MORE DEFENITE STATEMENT

COMES NOW Defendant Wentzville R-IV School District ("WSD"), by and through the undersigned counsel, pursuant to Rule 12(b)(1) and (6), and for its Motion to Dismiss Counts I, II, and V, or in the alternative for a More Definite Statement pursuant to Rule 12(e), states as follows:

1. In her Petition, Plaintiff, who is an autistic and practically nonverbal student at a school located within WSD's school district, brings this action against WSD for alleged violations of Section 504 of the Rehabilitation Act (Count I) and the Americans with Disability Act ("ADA") (Count II), as well as a state law tort claim for "failure to provide treatment" (Count V).

2. Due to her disability, Plaintiff was provided an IEP by WSD which indicated that she was to have adult support "anytime that [L.H.] is outside of the special education classroom for support for peer interaction, safety awareness, and modification of curriculum." [Doc. 4 at ¶¶16].

3. Plaintiff's claims arise from an incident that occurred at school on September 27, 2021 when she claims "upon information and belief" that an unidentified teacher struck or made

contact with Plaintiff in such a manner that resulted in Plaintiff's head striking a wall while inside the school, which caused her to suffer an injury. [Doc. 4 at ¶¶4,18, 19].

4. After this incident, Plaintiff was taken to the playground where her "paraprofessional left her in order to attend to something else." [Doc. 4 at ¶21]. Plaintiff then fell to the ground and became pale and her eyes rolled back in her head at which point she *was brought* inside the school building. [Doc. 4 at ¶¶22, 23]. Once inside the school, Plaintiff defecated in her pants, lost consciousness, and her parents were called and took her to a hospital. [Doc. 4 at ¶¶24, 26, 29].

5. Counts I and II fail to state a claim and should be dismissed with prejudice because no facts have been alleged that any benefit was denied or that Plaintiff was discriminated against solely because of her disability.

6. Counts I and II further fail to state a claim and should be dismissed with prejudice because no facts have been alleged to support that WSD acted with bad faith or gross misjudgment.

7. Count V should be dismissed with prejudice because WSD has sovereign immunity from common law tort claims to which no exception applies.

8. In the alternative, Defendant WSD would move this Court to order Plaintiff to make a more definite statement as to:

    a. The facts supporting the conclusory allegations pled in Count I as to the manner in which Plaintiff was allegedly excluded from participating in and was denied benefits of the WSD program of education; that WSD acted with bad faith or gross misjudgment; and that there was discrimination based on Plaintiff's disability.

    b. The facts supporting the conclusory allegations pled in Count II that Plaintiff was allegedly denied a reasonable accommodation, and the specific accommodation she was denied.

    c. The allegations surrounding the injury alleged in Paragraph No. 18 of Plaintiff's Petition to include the time and location of the alleged injury as

    well as the position or title of "Miss K" in addition to facts supporting the manner of the alleged "strike" or "contact," and a more definite statement as to whether it was a "strike" or "contact."

   d. The facts supporting that allegation Plaintiff was deprived of educational performance, opportunities, or benefits, including the specific performance, opportunities, or benefits Plaintiff was allegedly denied as alleged in Paragraph No. 33 of Plaintiff's Petition.

9. In support of this motion, Defendant WSD incorporates by reference the arguments set forth in its Memorandum of Law filed simultaneously herewith.

WHEREFORE, Defendant Wentzville R-IV School District respectfully requests this Court Dismiss Plaintiff's claims against it as alleged in Counts I, II, and V, or in the alternative, order Plaintiff to make a more definite statement and any further relief this Court deems just and proper.

          REICHARDT NOCE & YOUNG LLC

          By: */s/ Catherine M. Robertson*
          MATTHEW H. NOCE   #57883MO
          mhn@reichardtnoce.com
          CATHERINE M. ROBERTSON #63200MO
          cmr@reichardtnoce.com
          12444 Powerscourt Drive
          Suite 160
          St. Louis, MO  63131
          314/789-1199
          314/754-9795 – Facsimile

          Attorneys for Defendant
          Wentzville School District

**CERTIFICATE OF SERVICE**

      I hereby certify that on the 28th day of June, 2023, a true and correct copy of the foregoing was filed electronically with the Clerk of Court via the Court's ECF electronic filing system, and served by e-mail to:

Daniel J. Rhoads
The Rhoads Firm, LLC
8123 Delmar Blvd.
Suite 200
St. Louis, Missouri 63130
therhoadsfirmllc@gmail.com
Attorney for Plaintiff

                /s/Catherine M. Robertson