UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| L.H., a minor, by and through<br>Next Friend, ASHLYN HENRY<br><br>    Plaintiff,<br><br>v.<br><br>WENTZVILLE R-IV SCHOOL DISTRICT, et al.,<br><br>    Defendants. | Case No. 4:23-CV-00808-SRC<br><br>**JURY TRIAL DEMANDED** |

### DEFENDANT MEGAN SUTTON'S MOTION TO DISMISS OR IN THE ALTERANTIVE MOTION FOR MORE DEFINITE STATEMENT

COMES NOW Defendant Megan Sutton Ed.D ("Sutton"), by and through the undersigned counsel, and pursuant to Rule 12(b)(6) moves this Court dismiss the claim against her or in the alternative for a more definite statement pursuant to Rule 12(e). In support of this motion, counsel states as follows:

1. A single count of negligence is alleged against Sutton in Count III for allegedly failing to arrange for adequate supervision of Plaintiff, which Plaintiff contends is a violation of Wentzville School District ("WSD") Policy 2730.

2. As the principal of a school within a public school district, Sutton is a public employee entitled to the protections of official immunity, the public duty doctrine, and the Coverdell Teacher Protection Act 20 U.S.C. §§ 7941-7948 et seq.

3. Sutton has official immunity because WSD Policy 2730, as alleged by Plaintiff, requires the use of discretion in its administration because it requires principals such as Sutton to use discretion to determine what level of supervision is "adequate." *Southers v. v. City of Farmington*, 263 S.W.3d 603, 610 (Mo. banc 2008).

4.	The claim against Sutton should further be dismissed pursuant to the public duty doctrine because WSD Policy 2730 is a policy of general applicability, applicable to all students within the district, and does not set forth a "special, direct, and distinctive interest" to a particular individual. *E.M. v. Gateway Region YMCA,* S.W.3d 388 (E.D. Mo. 2020).

5.	Finally, Sutton has absolute immunity pursuant to the Coverdell Act because on the face of the Petition all four elements of immunity are established and no facts are alleged to suggest Sutton was not a school principal acting properly within the scope of her authorized responsibilities and a policy violation is not a federal, state, or local laws violation where it does not constitute a crime or infraction. *Dydell v. Taylor*, 332 S.W.3d 848, 854 (Mo. banc 2011).

6.	As such, Sutton has immunity and the claim against her in Count III should be dismissed with prejudice as a matter of law.

7.	Sutton incorporates by reference each of the arguments set forth in her Memorandum of Law filed contemporaneously with this Motion.

WHEREFORE, Defendant Megan Sutton Ed.D respectfully requests this Court Dismiss Plaintiff's claim against her as alleged in Counts III, or in the alternative, order Plaintiff to make a more definite statement and any further relief this Court deems just and proper.

    REICHARDT NOCE & YOUNG LLC

    By:   */s/ Catherine M. Robertson*
    MATTHEW H. NOCE    #57883MO
    mhn@reichardtnoce.com
    CATHERINE M. ROBERTSON #63200MO
    cmr@reichardtnoce.com
    12444 Powerscourt Drive
    Suite 160
    St. Louis, MO  63131
    314/789-1199
    314/754-9795 – Facsimile

    Attorneys for Defendant Megan Sutton

## **CERTIFICATE OF SERVICE**

 I hereby certify that on the 8th day of August, 2023, a true and correct copy of the foregoing was filed electronically with the Clerk of Court via the Court's ECF electronic filing system, and served by e-mail to:

Daniel J. Rhoads
The Rhoads Firm, LLC
8123 Delmar Blvd.
Suite 200
St. Louis, Missouri 63130
therhoadsfirmllc@gmail.com
Attorney for Plaintiff

                     /s/Catherine M. Robertson